**THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH**

| | |
|---|---|
| **GREGORY MILLER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GYM AND FITNESS, INC., a Utah corporation; et al.,**<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:26-cv-00203-DBB-JCB**<br><br>**District Judge David Barlow**<br><br>**Magistrate Judge Jared C. Bennett** |

## INTRODUCTION[1]

The court has temporarily granted pro se Plaintiff Gregory Miller's ("Mr. Miller") motion to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[2] Accordingly, the court reviews the sufficiency of Mr. Miller's complaint[3] under the authority of the IFP Statute. Based upon the analysis set forth below, Mr. Miller's complaint fails to state claims upon which relief can be granted. However, rather than dismissing this case on that basis, the court provides Mr. Miller with an opportunity to amend his complaint.

---

[1] This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B). ECF No. 7.

[2] ECF No. 9.

[3] ECF No. 1.

## Background

Mr. Miller was fired from his role as Director of Finance for Defendant Gym and Fitness, Inc., less than six weeks after he started working for the company.[4] Mr. Miller alleges that Mark Swaby ("Mr. Swaby"), an owner of one of the Defendant companies, told Mr. Miller the reasons for his firing were that the company discovered Mr. Miller's license as a Certified Public Accountant ("CPA") had previously lapsed and that Mr. Miller lied to a state investigator conducting an investigation into his CPA license.[5] Mr. Miller alleges that these reasons were pretextual and supports this claim with allegations that similarly situated colleagues were not fired despite engaging in similar conduct.[6] Specifically, Mr. Miller states that the head of the company's finance and accounting department is a woman and was not fired even though her CPA license had expired ten years previously.[7] Mr. Miller also alleges that Mr. Swaby is Canadian and was not fired despite also lying to state investigators, although in a different context.[8]

Mr. Miller states that the U.S. Equal Employment Opportunity Commission issued a right-to-sue letter on December 11, 2025.[9] Mr. Miller filed this action on March 10, 2026. Mr. Miller invokes this court's jurisdiction under 28 U.S.C. § 1331 and forwards two claims under

---

[4] *Id*. at 4-5.

[5] *Id*. at 3, 5-6.

[6] *Id*. at 4-7, 11-12.

[7] *Id*. at 6, 11.

[8] Id. at 8, 12-13.

[9] *Id*. at 10.

Title VII of the Civil Rights Act of 1964[10] for discrimination based on gender and national origin.[11] He has named as defendants the American company for which he worked, Gym and Fitness, Inc.; an Australian company named Gym and Fitness, Co.; and Net Media Group, LLC.[12]

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[13] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[14] Under that standard, the court "looks for plausibility in the complaint."[15] More specifically, the court "looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable,' 'factual allegations in a complaint must be enough to raise a right to relief above the speculative level.'"[16]

---

[10] 42 U.S.C. § 2000e.

[11] ECF No. 1 at 2, 10-13.

[12] *Id*. at 1-2.

[13] 28 U.S.C. § 1915(e)(2)(B)(ii).

[14] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[15] *Id*. at 1218 (citation modified).

[16] *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (citation modified).

Fed. R. Civ. P. 8, which is incorporated into the court's Rule 12(b)(6) analysis,[17] requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[18] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"[19] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[20] Rule 8 requires, at least, that the allegations of a complaint put the defendant fairly on notice of the basis for the claims against it.[21] Indeed, the twin purposes of a complaint are to give the opposing party that notice so that it may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[22]

In analyzing Plaintiff's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[23] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[24] and the court "will not

---

[17] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[18] Fed. R. Civ. P. 8(a)(2).

[19] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (citation modified).

[20] *Id.*

[21] *Twombly*, 550 U.S. at 555.

[22] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.* 891 F.2d 1473, 1480 (10th Cir. 1989).

[23] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also* *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[24] *Bellmon*, 935 F.2d at 1110.

supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[25]

As the United States Court of Appeals for the Tenth Circuit stated:

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations.[26]

Before dismissing a pro se plaintiff's complaint under the IFP Statute for failure to state a claim, the court must determine whether to give the plaintiff leave to amend the complaint to cure any pleading deficiencies.[27] Indeed, "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'"[28]

[25] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

[26] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[27] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) (providing that before dismissing a pro se plaintiff's complaint for failure to state a claim, "the district court should allow a [pro se] plaintiff an opportunity to cure technical errors or otherwise amend the complaint when doing so would yield a meritorious claim").

[28] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

## ANALYSIS

As the court sets out below, the court first explains that (I) Mr. Miller's complaint fails to state claims upon which relief can be granted, but rather than dismissing this case, the court (II) provides Mr. Miller with an opportunity to amend his complaint.

### I. Mr. Miller's Complaint Fails to State Claims Upon Which Relief Can Be Granted.

The court begins (A) with the applicable legal framework, then (B) shows that Mr. Miller's complaint neither includes direct evidence discrimination, nor (C) supports an inference of discriminatory motive, before finally (D) noting that the complaint's reliance on conclusory allegations is an independent reason that his failure to state a claim. Each issue is discussed in order below.

A. Title VII Legal Framework

"Title VII makes it unlawful 'to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'"[29] A plaintiff proves Title VII employment discrimination by either direct evidence of discrimination or following the burden-shifting framework of *McDonnell Douglas Corp. v. Green*.[30] "Direct evidence is evidence, which if believed, proves the existence of a fact in issue without inference

[29] *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e-2(a)(1)).

[30] *Id.*; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

or presumption."[31] Usually, a plaintiff will not have direct evidence of discrimination, such as an existing policy that is discriminatory on its face.[32]

If a plaintiff has no direct evidence of discrimination, the *McDonnell Douglas* 3-part framework applies. The first part of the framework requires a plaintiff to establish a prima facie case of discrimination.[33] To allege a prima facie case, "a plaintiff must establish that (1) [he] is a member of a protected class, (2) [he] suffered an adverse employment action, (3) [he] qualified for the position at issue, and (4) [he] was treated less favorably than others not in the protected class."[34] Although, at this initial pleading stage, Mr. Miller is not required to provide a prima facie case of discrimination,[35] he must allege enough facts to "nudge his claims across the line from conceivable to plausible."[36] Examining "the elements of each alleged cause of action help[s] to determine whether [the] plaintiff has set forth a plausible claim."[37] The court therefore considers whether Mr. Miller "has sufficiently stated . . . claims for relief by plausibly alleging either direct evidence of discrimination or a prima facie discrimination claim."[38] The court considers each in turn.

---

[31] *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1137 (10th Cir. 2024) (citation modified).

[32] *Id.*

[33] *Ames v. Ohio Dep't of Youth Servs.*, 605 U.S. 303, 308 (2025) (citing *McDonnell Douglas*, 411 U.S. at 802).

[34] *Khalik*, 671 F.3d at 1192.

[35] *Id.*

[36] *McNellis*, 116 F.4th at 1137 (citation modified).

[37] *Khalik*, 671 F.3d at 1192 (citation modified).

[38] *McNellis*, 116 F.4th at 1137–38 (citation modified).

B. Mr. Miller's Complaint Does Not Include Direct Evidence of Discrimination.

Although Mr. Miller alleges that Defendants treated him differently than they did a female colleague and a Canadian colleague,[39] nowhere in the complaint does Mr. Miller allege direct evidence that Defendants discriminated against him because he is male or an American. The complaint states that Defendants "discriminated against [Mr. Miller] because of his gender" and that he "was discriminated against and treated in a differential manner by Defendants because he is male."[40] The complaint also states that Defendants "discriminated against [Mr. Miller] because of his national origin" and that he "was discriminated against and treated in a differential manner by Defendants because he is of American origin."[41] Putting aside for the moment the conclusory nature of these allegations, these claims and those about allegedly similarly situated colleagues at the very most support an inference that discrimination occurred. They are by no means direct evidence of such. As Mr. Miller has not alleged the existence of evidence that proves direct discrimination without inference or presumption,[42] he has failed plausibly to allege direct evidence of discrimination. The court therefore turns to the *McDonnell Douglas* framework.

---

[39] *Id*. at 6, 11; *id*. at 7-8, 12-13. The court makes no determination as to whether these individuals and Mr. Miller are similarly situated for purposes of a Title VII claim.

[40] *Id*. at 10-11.

[41] *Id*. at 12.

[42] *McNellis*, 116 F.4th at 1137.

C. Mr. Miller's Complaint Fails to Support an Inference that Defendants Acted With Discriminatory Motive in Firing Mr. Miller.

Mr. Miller fails plausibly to allege that Defendants fired him because of his sex or national origin. The ultimate question in a disparate treatment case is "whether the defendant intentionally discriminated against the plaintiff."[43] The three-step, burden-shifting *McDonnell Douglas* framework was established by the Supreme Court to answer this question. "For most plaintiffs, the first step of the McDonnell Douglas framework—the prima facie burden—is not onerous."[44] A plaintiff carries this burden "by producing enough evidence to support an inference of discriminatory motive" for an employer's rejection.[45]

Low as this hurdle may be, Mr. Miller's complaint fails to clear it. While the complaint sets out facts that show that Mr. Miller was fired and that others who were not American and not male were not fired when they undertook allegedly similar actions, the complaint includes nothing that supports an inference that Mr. Miller was fired *because* he is American, or *because* he is male. Unlike the remainder of Mr. Miller's complaint, which includes detailed accounts of why Mr. Miller and two of his colleagues are allegedly similarly situated and how Defendants treated them differently, the complaint gives scant attention to Title VII's core prohibition against firing an employee because of their race, color, religion, sex, or national origin.[46]

Instead, Mr. Miller undercuts his theory of the case by offering several reasons why Defendants may have terminated Mr. Miller's employment that have nothing to do with his

---

[43] *Ames*, 605 U.S. at 308 (2025) (citation modified).

[44] *Id*., at 309 (citation modified).

[45] *Id*. at 308.

[46] 42 U.S.C. § 2000e-2(a)(1).

gender or national origin. For example, the complaint states that "Defendants summarily terminated [Mr.] Miller's employment upon discovering allegedly false statements that [Mr.] Miller made to a Utah state investigator,"[47] and that "it was the strong belief of management that Mr. Miller could potentially become violent during notification of termination."[48] It is implausible that Mr. Miller was fired because he is an American male, especially where his own complaint includes plausible reasons for his firing that have nothing to do with sex or national origin. Because Mr. Miller's complaint fails plausibly to allege Defendants discriminated against him based upon protected characteristics, Mr. Miller fails to state a claim upon which relief can be granted.

D. Mr. Miller's Reliance on Conclusory Allegations is an Independent Reason That the Complaint Fails to State a Claim.

Finally, the court notes that there is an independent reason that Mr. Miller's complaint fails to state a claim for relief: Mr. Miller's allegations regarding discrimination "are not entitled to the assumption of truth because they are entirely conclusory."[49] "A conclusory allegation is one in which an inference is asserted without stating underlying facts or including any factual enhancement."[50] The court "must disregard conclusory allegations and instead look to the remaining factual allegations to see whether [a] plaintiff[] ha[s] stated a plausible claim."[51]

---

[47] ECF No. 1 at 12.

[48] *Id.* at 9 (citation modified). The court notes that Mr. Miller alleges Defendants were being deceptive when they made this statement, and that this statement was a "misrepresentation." *Id.*

[49] *Khalik*, 671 F.3d at 1193.

[50] *McNellis*, 116 F.4th at 1131 (quoting *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1144 (10th Cir. 2023)).

[51] *Matney*, 80 F.4th at 1144–45 (citation modified).

Disregarding Mr. Miller's conclusory allegations that Defendants discriminated against him because he is male and because he is American—which are mere sentences stating those propositions with no supporting facts[52]—leaves the complaint utterly lacking allegations of discrimination *based on* sex or national origin. For this reason, too, the complaint fails to state a claim upon which relief can be granted.

## II. The Court Provides Mr. Miller with an Opportunity to Amend His Complaint.

Although Mr. Miller fails to state claims against Defendants, the court again notes that "'[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend.'"[53] Mr. Miller may be able to cure the pleading deficiencies outlined above. Accordingly, the court provides him with an opportunity to amend his complaint. The court notes, however, that Mr. Miller must file an amended complaint on or before October 23, 2026. Failure to do so will result in recommendation of dismissal of this case.

## ORDER

1. Mr. Miller's motion to proceed in forma pauperis[54] is TEMPORARILY GRANTED.
2. Mr. Miller must file an amended complaint on or before October 23, 2026.
3. If Mr. Miller files an amended complaint, the court will screen that complaint under the IFP Statute and DUCivR 3-2(b).

---

[52] ECF No. 1 at 10-12.

[53] *Kay*, 500 F.3d at 1217 (quoting *Curley*, 246 F.3d at 1281).

[54] ECF No. 8.

4. Although Mr. Miller may file an amended complaint, the restriction on filing motions or other documents set forth in the court's April 8, 2026, order remains in place.[55]
5. Mr. Miller's failure to timely file an amended complaint will result in recommendation of dismissal of this case.

IT IS SO ORDERED.

DATED this 9th day of October 2026.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

[55] ECF No. 9.